Filed 6/28/22 A.W. v. S.W. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| A.W.,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>S.W.,<br><br>        Defendant and Appellant. | C089788<br><br>(Super. Ct. No. S-DR-0037210) |

A.C., formerly A.W., applied for and received a renewed and permanent domestic violence restraining order against her former spouse S.W. under Family Code section 6345, subdivision (a).[1]

S.W. now contends (1) the trial court misunderstood and misapplied the standard for determining whether A.C.'s fear of S.W. was reasonable, (2) the domestic violence restraining order is not supported by substantial evidence, and (3) the trial court abused its discretion by making the renewed domestic violence restraining order permanent. Finding no merit in S.W.'s contentions, we will affirm the trial court's order.

---

[1] Undesignated statutory references are to the Family Code.

1

BACKGROUND

A

Under the Domestic Violence Prevention Act, a court may restrain a person to prevent a recurrence of domestic violence upon reasonable proof of past acts of abuse. (§ 6300.) Section 6345 addresses the duration and renewal of a domestic violence restraining order. When initially issued, the order "may have a duration of not more than five years" and is subject to termination or modification by order of the court based on the parties' stipulation or a motion of a party. (§ 6345, subd. (a).) The domestic violence restraining order "may be renewed, upon the request of a party, either for five years or permanently, without a showing of further abuse since the issuance of the original order, subject to termination or modification by further order of the court either on written stipulation filed with the court or on the motion of a party." (§ *Id.*, subd. (a).)

"When contested, a request to renew a restraining order should not be granted pursuant to section 6345 simply because the requesting party has 'a subjective fear the party to be restrained will commit abusive acts in the future.' (*Ritchie v. Konrad* (2004) 115 Cal.App.4th 1275, 1288 (*Ritchie*).) 'The "apprehension" those acts will occur must be "reasonable." ' (*Ibid*.) 'That is, the court must find the probability of future abuse is sufficient that a reasonable woman (or man, if the protected party is a male) in the same circumstances would have a "reasonable apprehension" such abuse will occur unless the court issues a protective order.' (*Ibid*.)

"An imminent and present danger of abuse is not required, however. (*Ritchie, supra*, 115 Cal.App.4th at p. 1288.) 'In other words, under this objective test, "[a] trial court should renew the protective order, if, and only if, it finds by a preponderance of the evidence that the protected party entertains a 'reasonable apprehension' of future abuse. . . . [T]his does not mean the court must find it is more likely than not future abuse will occur if the protective order is not renewed. It only means the evidence demonstrates it is more probable than not there is a sufficient risk of future abuse to find the protected

2

party's apprehension is genuine and reasonable." ' (*Lister v. Bowen* (2013) 215 Cal.App.4th 319, 332-333.)" (*Rybolt v. Riley* (2018) 20 Cal.App.5th 864, 874 (*Rybolt*).)

On appeal from issuance of a permanent domestic violence restraining order, we apply an abuse of discretion standard, viewing the evidence in the light most favorable to the trial court's order. (*Rybolt, supra*, 20 Cal.App.5th at pp. 874-875.)

B

The trial court in this case issued a domestic violence restraining order in favor of A.C. and against S.W. in 2011. At the request of A.C., the trial court renewed the restraining order in 2013, 2014, and again in 2018.

At the most recent contested hearing, A.C. testified that defendant committed domestic violence against her during their marriage, which ended in 2011. She testified that S.W. was controlling and violent, committing physical and psychological abuse. S.W. continually violated the prior domestic violence restraining order, and A.C. continued to fear him. A.C. also testified that she believed S.W. was cyberstalking her through her electronic devices.

The adult son and daughter of A.C. and S.W. testified that S.W. was physically and emotionally abusive to A.C. during the marriage. They testified that S.W. was also verbally and emotionally abusive to them.

A.C. presented the testimony of an expert on domestic violence. The expert testified concerning cyberstalking and also that a victim subjected to past abuse may experience heightened intimidation and fear resulting from actions of the abuser.

S.W. denied having abused A.C. He claimed A.C. was controlling, and he felt like he was in jail while they were married.

After the presentation of the evidence, the trial court ruled as follows:

"With respect to the testimony of [A.C.], she testified to the physical and emotional violence in the household while being married to [S.W.]. She testified that this

3

is very traumatizing to her. She testified to being in a relationship where [S.W.] tried to control her, became enraged when she acted on her own.

"Her adult children -- or their adult children corroborated there's domestic violence in the household. She has certainly subjective fear. She exhibited that fear in the courtroom. She testified to being in continued fear. And also her children and [S.W.'s] children testified and corroborated that fear. The question for the Court, of course, is that fear reasonable?

"On the one hand she's had no contact with [S.W.]. The parties are divorced and have been separated for a long time. Several years. [S.W.] has moved on, has married, has a new child.

"Yet on the other hand, there's been no real reconciliation, no admission or any understanding of any wrongdoing. And [S.W.] remains still alienated from his own children who are now adults."

The trial court continued:

"[S.W.] denies any abuse. Basically turns it around that she was the abuser, the controller of the relationship. Yet there has been a finding, a [prior] court finding against him on the issue of abuse. Yet also his own adult children directly contradict him, and the Court does find their testimony relevant and credible."

Although the trial court found that A.C. had failed to establish by a preponderance of the evidence that S.W. continued to cyberstalk her, the trial court concluded, based on the evidence, that A.C. had a continuing fear of S.W. that was reasonable. A.C. testified that she did not "go anywhere without having somebody with [her] because of the threats [S.W. has] made." The trial court found that A.C. "continues to suffer anxiety, hypervigilance, stress about any continued control, [and] manipulation even from afar." Finally, the trial court determined that a continuing restraining order against S.W. would have only minimal impact on S.W. Based on these findings and conclusions, the trial court granted a permanent domestic violence restraining order.

4

I

S.W. contends the trial court misunderstood and misapplied the standard for determining whether A.C.'s fear was reasonable.

A trial court may renew a domestic violence restraining order if "the protected party entertains a 'reasonable apprehension' of future abuse." (*Ritchie, supra*, 115 Cal.App.4th at p. 1290.) No imminent or present danger is required. (*Lister v. Bowen, supra*, 215 Cal.App.4th at p. 332.)

S.W. argues the trial court erred in its analysis of the initial protective order and any changed circumstances. These arguments, however, are unfocused and broach other issues not included in the heading. We will limit our analysis to the argument made in the heading, which states: "Trial court abused its discretion by misapplying criteria of the appropriate legal standard in measuring 'reasonableness.' " (See Cal. Rules of Court, rule 8.204(a)(1)(B) [requiring appellant to state each point in heading summarizing point]; *Pizarro v. Reynoso* (2017) 10 Cal.App.5th 172, 179 (*Pizarro*) [issues limited to those included in headings].)

We turn first to the trial court's reliance on the initial domestic violence restraining order issued in 2011.

"In evaluating whether the requesting party has a reasonable apprehension of future abuse, 'the existence of the initial order certainly is relevant and the underlying findings and facts supporting that order often will be enough in themselves to provide the necessary proof to satisfy that test.' (*Ritchie, supra*, 115 Cal.App.4th at p. 1291.) While the trial court may look behind the initial order itself to the evidence and findings on which the order was based in appraising the risk of future abuse, the restrained party is not permitted 'to challenge the truth of the evidence and findings underlying the initial order.' (*Id*. at p. 1290.)" (*Rybolt, supra*, 20 Cal.App.5th at p. 874.)

The trial court noted in its ruling that S.W. denied any responsibility for abuse. S.W. argues this was an impermissible reason for granting the domestic violence restraining order because the record does not include any findings related to the 2011 domestic violence protective order. Therefore, he argues, he can continue to argue there was no wrongdoing before the 2011 order. This argument fails because an appellant may not argue an absence of evidence in the record when the record is incomplete. S.W. fails to direct us to evidence presented in the 2011 hearing. We therefore presume a complete record of the 2011 proceedings would include evidence of S.W.'s abuse and A.C.'s reasonable fear of S.W. (See *Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502 [appellant bears the burden of producing an adequate record on appeal].)

In the subheading relating to "The Initial Protective Order," S.W. makes unfocused arguments not related to the 2011 domestic violence restraining order. We need not consider those arguments. (See *Pizarro, supra*, 10 Cal.App.5th at p. 179.)

S.W. also argues the trial court failed to properly consider the changes in circumstances since the prior domestic violence restraining orders. In making this contention, S.W. construes evidence in his own favor rather than in the light most favorable to the trial court's ruling, arguing that the break-up was hard on him, he had left the door open for reconciliation, and he had no animus towards A.C. or the children. S.W.'s appellate contention fails because he presents the evidence in the light most favorable to himself, a view the trial court declined to adopt. An appellate contention based on an improper view of the facts is unpersuasive. (*Thompson v. Miller* (2003) 112 Cal.App.4th 327, 330.)

## II

S.W. contends the domestic violence restraining order must be reversed because it is not supported by substantial evidence. He claims A.C. failed to show she had a

6

genuine and reasonable fear of future abuse and A.C.'s allegations of cyberstalking did not constitute abuse under the Domestic Violence Protection Act.

"When reviewing a trial court's factual findings for substantial evidence we accept as true all evidence tending to establish the correctness of the trial court's findings, resolving every conflict in the evidence in favor of the judgment. [Citation.] 'Under the substantial evidence test, the pertinent inquiry is whether substantial evidence supports the court's finding -- not whether a contrary finding might have been made.' [Citation.]" (*In re Marriage of Ankola* (2020) 53 Cal.App.5th 369, 380.)

In arguing A.C. failed to show she had a genuine and reasonable fear, S.W. attempts to attack A.C.'s credibility and minimize his own conduct. He does so by highlighting what he asserts are contradictions in A.C.'s testimony. For example, he cites A.C.'s testimony that, during the marriage, S.W. shattered a crystal bowl by hitting A.C. with it. However, A.C. did not note this incident in her 2011 application for a domestic violence restraining order. He claims it was "conspicuously missing" from the application. Yet the trial court credited A.C.'s testimony. S.W.'s argument fails because credibility determinations are the province of the trial court, and we will accept those determinations unless the witness's testimony is physically impossible or inherently improbable. (*People v. Young* (2005) 34 Cal.4th 1149, 1181.) S.W. has made no such showing here. An appeal is not a second chance to try a case. (See *In re Marriage of Balcof* (2006) 141 Cal.App.4th 1509, 1531 [the appellate court is not a second trier of fact].)

S.W.'s attempt to minimize his own conduct is also unavailing. He claims his abusive acts were reactions to a painful divorce in a stressful environment that he likened to being in jail. But the trial court did not credit S.W.'s version of the facts.

S.W. also claims A.C. failed to produce evidence of threats against her. In her testimony, A.C. related she did not "go anywhere without having somebody with [her] because of the threats [S.W. has] made." Contrary to S.W.'s claim, this statement is,

7

itself, evidence that S.W. made threats, even if it was unspecific. Furthermore, S.W. provides no authority or argument that a domestic violence restraining order may not be issued without evidence of threats. (See *McComber v. Wells* (1999) 72 Cal.App.4th 512, 522 [failure to cite authority forfeits point].

Additionally, S.W. asserts A.C.'s allegations of cyberstalking do not constitute abuse under the Domestic Violence Abuse Act. This assertion is not on point because the trial court did not conclude the allegations constituted abuse. Instead, it found A.C. had failed to establish that S.W. was cyberstalking her. Recognizing this finding, S.W. states: "Since the court made a finding that [S.W.] was not the 'abuser' within section 6211, [A.C.] was statutorily precluded from a remedy under the DVPA on this ground also." But the trial court did not find that S.W. never committed abuse; it merely found that A.C. did not establish cyberstalking. A.C. and her children all testified to abuse committed by S.W., testimony that the trial court found credible. Moreover, section 6345 expressly authorized the trial court, in its discretion, to issue a permanent restraining order even in the absence of any further abuse since the issuance of the original order.

III

S.W. contends the trial court abused its discretion by making the domestic violence restraining order permanent.

As we have explained, section 6345 provides that a trial court may renew a domestic violence restraining order "upon the request of a party, either for five years or permanently, without a showing of any further abuse since the issuance of the original order, subject to termination or modification by further order of the court either on written stipulation filed with the court or on the motion of a party." (§ 6345, subd. (a).) A.C. requested a domestic violence restraining order for either five years or permanently. The trial court elected to make the order permanent. As noted, we review the trial court's decision for abuse of discretion only. (*Rybolt, supra*, 20 Cal.App.5th at p. 874.)

8

S.W. continues to claim he never committed domestic violence against A.C. and accuses A.C. of abusing him. But there is overwhelming evidence to the contrary, not only from A.C. but also from the adult children, who testified that S.W. committed abuse against all of them. Although S.W. has a right to assert innocence, and his ongoing assertion should not be a basis, by itself, to impose a permanent restraining order, the trial court did not abuse its discretion in considering the totality of the circumstances.

The trial court found that A.C. continues to experience reasonable fear of S.W. According to the trial court, A.C. "continues to suffer anxiety, hypervigilance, stress about any continued control, [and] manipulation even from afar." S.W. has not established, based on the totality of the record, that the trial court abused its discretion in making this finding.

Although the trial court issued a "permanent" order, section 6345 specifies that it is nevertheless subject to termination or modification by further order of the court. S.W. has not established reversible abuse of discretion or undue prejudice.

## DISPOSITION

The domestic violence restraining order is affirmed. A.C. is awarded her costs on appeal. (Cal. Rules of Court, rule 8.278(a).)


                                                       /S/
                                                       MAURO, J.


We concur:


    /S/
ROBIE, Acting P. J.


    /S/
DUARTE, J.